UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

STASON SUTTON

Plaintiff,

-against-

AVEL REALTY LLC AND BOUCHERIE LLC

Defendants.

--------------------------------------------------------------x

**CV**

**COMPLAINT**

**JURY TRIAL REQUESTED**

## COMPLAINT

Plaintiff Stason Sutton (hereafter referred to as "Plaintiff"), by counsel, The Parker Law Group P.C., as and for the Complaint in this action against Defendants Avel Realty LLC and Boucherie LLC (together referred to as "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This lawsuit challenges pervasive, ongoing, and inexcusable disability discrimination by Defendants. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary and nominal damages and attorney's fees, costs, and expenses, to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., and its implementing regulations; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"). As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation that violates the above-

mentioned laws. Defendants are vicariously liable for the alleged acts and omissions of their employees and agents.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is in this district.

## PARTIES

4. Defendant Avel Realty LLC owns the property located at 99 7th Avenue South in New York County, New York (hereinafter referred to as "99 7th Avenue South").

5. At all relevant times, Defendant Boucherie LLC leases the property located at 99 7th Avenue South from Defendant Avel Realty LLC.

6. At all relevant times, Defendant Boucherie LLC has operated and continues to operate a restaurant at 99 7th Avenue South doing business as Boucherie West Village (hereinafter referred to as the "Boucherie West Village premises").

7. Each defendant is licensed to and does business in New York State.

8. Upon information and belief, Avel Realty LLC and Boucherie LLC have a written lease agreement.

Defendant Boucherie LLC is part of a large restaurant group with locations in New York, Chicago, and Washington, D.C.

Non-party The Group US Management LLC owns and operates Defendant Boucherie LLC.

9. Non-party The Group US Management LLC owns and operates the following restaurants in New York: La Grande Boucherie - 145 West 53rd Street, New York, NY 10019; Olio E Piu – 3 Greenwich Avenue, New York, NY 10014; Boucherie Union Square – 225 Park Avenue South, New York, NY 10003; Boucherie West Village – 99 7th Avenue South, New York, NY 10014; Petite Boucherie Bistro – 14 Christopher Street, New York, NY 10014; and Omakase Room - 14 Christopher Street, New York, NY 10014.

10. At all times relevant to this action, Plaintiff Stason Sutton has been and remains a wheelchair user. Plaintiff has medical conditions that inhibit walking and restrict his range of bodily motion and movement.

11. At all times relevant to this action, Plaintiff Stason Sutton has been and remains a resident of the Hell's Kitchen neighborhood in New York, New York. Plaintiff frequently travels the short distance from his residence to the Greenwich Village neighborhood of Manhattan where Boucherie West Village is located.

12. Specifically, Plaintiff often patronizes the stores, restaurants, and theaters in the area such as the Lucille Lortel Theater and the Film Forum.

13. Boucherie West Village is a Parisian brasserie and steakhouse located at 99 7th Avenue South in the heart of Greenwich Village, New York City.

14. Plaintiff loves steakhouses and has dined at many New York City steakhouses such as Smith & Wollensky, Del Frisco's Grille, Del Frisco's Double Eagle Steakhouse, and Keens Steakhouse.

15. Plaintiff therefore wanted to dine at Boucherie West Village to add it to his list of fine steakhouses in New York at which he has dined.

16. Plaintiff often returns to steakhouses that he enjoys.

17. In September 2026, Plaintiff dined at Boucherie West Village.

18. Plaintiff loved the food but encountered numerous architectural barriers that made his experience incredibly difficult.

19. Specifically, Plaintiff encountered the lack of a wheelchair-accessible dining space and therefore could not position his wheelchair fully under the table, thereby creating a large space between Plaintiff's body and the dining table.

20. Plaintiff had to lean forward in a very awkward way to eat his meal.

21. The accessibility problems were more severe in the restroom.

22. Because of the numerous architectural barriers identified below, Plaintiff almost fell out of his wheelchair while trying to use the restroom door.

23. This experience deters Plaintiff from patronizing Boucherie West Village in the future.

24. Plaintiff continues to visit and patronize places in Greenwich Village on a weekly basis and he desires to dine again at Boucherie West Village.

25. Plaintiff would definitely dine at Boucherie West Village within one month after Defendants provide a wheelchair-accessible restroom and dining tables.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

26. Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Boucherie West Village premises located at 99 7th Avenue South, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

27. The Boucherie West Village premises constitute a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)) because the premises constitute a facility operated by a private entity whose operations affect commerce.

28. Numerous architectural barriers exist at the Boucherie West Village premises that prevent and/or restrict access to Plaintiff, a person with a disability, including, but not limited to, barriers along the paths of travel.

29. Upon information and belief, in or around 2016, Defendants spent approximately $136,000 on renovations for the Boucherie West Village premises and to areas of 99 7th Avenue South related to the Boucherie West Village premises.

30. The services, features, elements and spaces of the Boucherie West Village premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for

Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

31. Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Boucherie West Village premises that are open and available to the public.

32. Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

33. Barriers to access that Plaintiff experienced or encountered and that deter Plaintiff from patronizing the Boucherie West Village premises as well as architectural barriers that exist include, but are not limited to, the following:

I. Defendants fail to provide an accessible public toilet room. See Standards §§ 4.23, 4.18, 4.19, 4.17, 4.24, 4.22, 4.1.6(e) and 4.1.3(11); 2010 Standards §§ 213.1, 213.2, 603.1, 604, 605, 606; Administrative Code §§ 27-292(b), 27-292.12, RS-16, and P104.09(c); and BCCNY § 1109.2.

II. At the inaccessible public toilet room, Defendants do not provide and display the International Symbol of Accessibility with the required information indicating the location of a designated and nearest accessible public toilet room. See Standards §§ 4.1.6(3)(e)(iii), 4.1.3(16)(a), 4.1.2(7), 4.30, 4.30.6, 4.30.7; 2010 Standards §§ 216.3, 216.8, 703, 703.7.2.1; BCCNY § 1110.1.

III. Defendants do not provide and display the International Symbol of Accessibility alongside the toilet room door at the latch side between 48 and 60 inches above the finished floor. See Standards § 4.1.2(7)(d), 4.1.3(16)(a), 4.30, 4.30.6, 4.30.7; 2010 Standards §§ 216.2, 216.3, 216.8, 703.7.2.1, 703.

IV. Defendants fail to ensure that the pipes under the lavatory are insulated, nonabrasive, or otherwise protected against contact thereby exposing Plaintiff to severe personal injury. See 1991 Standards §§ 4.1.3(11), 4.19.4, 4.22.6, 4.24.6; and 2010 Standards §§ 213.3.4, 606.5.

V. Defendants' interior toilet room door requires more than five pounds of force to open. See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7), 4.13.11; and 2010 Standards §§ 206.5.2, 404.2.9, 604.8.1.2.

VI. Defendants fail to provide toilet door-handle hardware that does not require tight grasping, tight pinching and twisting of the wrist to operate. See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7) and 4.13.9; and 2010 Standards §§ 206.5.1, 404.2.7, 309.4, 604.8.1.2.

VII. Defendants fail to provide toilet door-lock hardware that does not require tight grasping, tight pinching and twisting of the wrist to operate. See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7) and 4.13.9; and 2010 Standards §§ 206.5.1, 404.2.7, 309.4, 604.8.1.2.

VIII. Defendants fail to provide an accessible door pull on the toilet room door on both sides of the door near the latch. See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7) and 4.13.9; and 2010 Standards §§ 206.5.1, 404.2.7, 309.4, 604.8.1.2.

IX. Defendants fail to ensure that the hook inside the toilet room is located within an accessible reach range. See 1991 Standards §§ 4.25.3, 4.2.6, 4.2.5, 4.1.3(12); and 2010 Standards §§ 213.3.7, 308, 308.2, 308.3, 309.3, 603.4, 604.8.3; and BCCNY § 1109.8.3.

X. Defendants fail to provide a grab bar for the sidewall that starts at a point no greater than 12 inches from the rear wall behind the toilet. See Standards §§ 4.17.6, 4.16.4; and 2010 Standards § 604.5.1, 604.8.1.5, 609.

XI. Defendants fail to provide a grab bar behind the toilet that is at least 36 inches in length. See Standards §§ 4.17.6, 4.16.4, 4.17.3, 4.22.4, 4.1.3(11); and 2010 Standards §§ 604.5.2, 213.3.2, 609.

XII. Defendants fail to provide a grab bar behind the toilet that is of sufficient length from the toilet centerline – 12 inches minimum on one side and 24 inches minimum on the other side. See Standards §§ 4.17.6, 4.16.4, 4.17.3; and 2010 Standards §§ 604.5.1 and 604.5.2.

XIII. Defendants fail to ensure that at least one, and not less than 5%, of seating and standing spaces and dining surfaces are accessible and dispersed throughout the premises. See 1991 Standards §§ 4.1.3(18), 4.32, 5.1; 2010 Standards §§ 226, 226.1, 226.2, 902.1; BCCNY §§ 1108.2.9.1, 1109.11; and Administrative Code § 27-292.10(3).

XIV. Defendants fail to provide an accessible route of at least 36 inches of minimum width to all dining areas and seating. See 1991 Standards §§ 5.3, 4.32.2; 2010 Standards §§ 403, 206.2.5, 902.2; and BCCNY § 1108.2.9.

XV. Defendants fail to provide the minimum required maneuvering clearances of level and clear space in front of the seating for dining. See 1991 Standards §§ 4.32.2, 5.3; and 2010 Standards §§ 305.3, 802.1.2, 802.1.3, 902.2, 903.1, 903.2, 902.4.1.

XVI. Defendants fail to provide a dining space where Plaintiff's wheelchair does not overlap the accessible route and that adjoins an accessible route. See 1991 Standards §§ 4.32.2, 5.1, 5.3; and 2010 Standards §§ 305.6, 802.1.4.

XVII. Defendants fail to provide a dining space where Plaintiff's wheelchair does not overlap the general circulation path or emergency-egress routes. See 1991 Standards §§ 5.1, 5.3, 4.32.2, 4.2.4; and 2010 Standards § 802.1.5.

XVIII. Defendants fail to provide the International Symbol of Accessibility at its designated accessible seating. BCCNY § 11010.1(9).

XIX. Defendants fail to provide dining tables and/or surfaces that are at an accessible height. See 1991 Standards §§ 4.32.4, 5.1; and 2010 Standards § 902.3.

XX. Defendants fail to provide dining tables and/or surfaces that have the minimum required knee clearances. See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

XXI. Defendants fail to provide dining tables and/or surfaces that have the minimum required toe clearances. See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

XXII. Defendants fail to provide an accessible portion of the food-service counter and bar, and there are no accessible tables in the same area. See 28 C.F.R. §36.302; 1991 Standards §§ 4.1.3(18), 5.2, 5.1, 4.2.4, and 4.32; and 2010 Standards §§ 226.1, 902.2, 305, 306, 902.3.

34. Upon information and belief, a full inspection of the Boucherie West Village premises will reveal the existence of other barriers to access.

35. To remedy Defendants' alleged discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Boucherie West Village premises to catalogue and cure all areas of noncompliance with the ADA. Plaintiff

therefore gives notice that he intends to amend the Complaint to include any violations discovered during an inspection that are not alleged in this Complaint.

36. Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

37. Defendants have not complied with their statutory obligation to ensure that their policies, practices, and procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications for persons with disabilities.

38. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Boucherie West Village premises continue to exist and deter Plaintiff.

39. Plaintiff intends to patronize the Boucherie West Village premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

40. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

41. Plaintiff is substantially limited in the major life activities of walking and bodily movement and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility and has restricted use of arms and hands.

42. The "General Rule" of the ADA is that: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

43. Defendants violate the ADA, 42 U.S.C. § 12182(a), by denying Plaintiff the full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations of their public accommodation.

44. The ADA at 42 U.S.C. § 12182(b)(1)(A)(i) states that: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

45. Defendants violate the ADA at 42 U.S.C. § 12182(b)(1)(A)(i) by denying Plaintiff, because of his disability, the opportunity to participate in and benefit from the services, facilities, privileges, advantages, or accommodations offered by the Defendants.

46. The ADA at 42 U.S.C. § 12182(b)(1)(B) states that "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

47. Defendants violate the ADA at 42 U.S.C. § 12182(b)(1)(B) by failing to afford Plaintiff their services, facilities, privileges, advantages, and accommodations in a setting that is integrated with non-disabled persons.

48. Defendants fail to take measures to integrate people with disabilities and instead outright exclude people with disabilities like Plaintiff.

49. The ADA at 42 U.S.C. § 12182(b)(2)(A)(ii) defines discrimination as "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations."

50. Defendants violate the ADA at 42 U.S.C. § 12182(b)(2)(A)(ii) by failing to make reasonable modifications in their policies, practices, or procedures that would enable Plaintiff to enjoy their services, facilities, privileges, advantages, or accommodations.

51. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. § 36.201(b).

52. Defendants violate the ADA at 42 U.S.C. § 12182(b)(2)(A)(iii) by failing to take all the necessary measures to "ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals."

53. Defendants violate the ADA at 42 U.S.C. § 12182(b)(2)(A)(iii) by failing to take steps necessary to ensure that no individual with a disability is excluded, denied services, and/or segregated.

54. Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither may avoid liability by transferring their obligations to the other by contract (i.e., lease agreement). 28 C.F.R. § 36.201(b).

55. Defendants have subjected and continue to subject Plaintiff to disparate treatment by denying Plaintiff a full and equal opportunity to use their place of public accommodation because Plaintiff is a person with a disability. Defendants' policies and practices have subjected and continue to subject Plaintiff to disparate treatment and disparate impact.

56. By failing to comply with laws that have been in effect for decades, Defendants have communicated to people with disabilities, including Plaintiff, that they are unwelcome and unwanted as patrons of their public accommodation.

57. Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(a)(1) and 42 U.S.C. § 12183(a)(1).

58. The Boucherie West Village premises are not fully accessible and fail to provide an integrated and equal setting for people with disabilities, in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

59. Defendants failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. § 12183(a)(2).

60. The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

61. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

62. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

63. In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

64. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.101 *et seq.*

65. Defendants have discriminated and continue to discriminate against Plaintiff in violation of the ADA by failing to maintain and/or create a wheelchair accessible public accommodation.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

66. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

67. Plaintiff has various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life

activities of both walking and body motion range. Plaintiff therefore has a disability within the meaning of the Executive Law § 292(21).

68. In 2019, the New York State Legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

69. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State Legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related federal anti-discrimination laws.

70. Defendants have subjected and continue to subject Plaintiff to disparate treatment by denying Plaintiff an equal opportunity to use their place of public accommodation because Plaintiff is a person with a disability.

71. Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation. Each of the Defendants has aided and abetted others in committing disability discrimination.

72. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

73. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required by the NYSHRL (Executive Law § 296(2)(c)(iv)).

74. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

75. It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

76. As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to, humiliation, embarrassment, stress, and anxiety.

77. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

78. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

79. Plaintiff has various medical conditions that separately and together impair Plaintiff's bodily systems - in particular, the major life activities of walking and bodily movement - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

80. Defendants have subjected and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation because of disability, in violation of the NYCHRL

(Administrative Code § 8-107(4)). Each Defendant has aided and abetted others in committing disability discrimination.

81. Defendants have committed and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

82. Defendants have discriminated and continue to discriminate against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating, and/or maintaining an inaccessible commercial facility/space.

83. Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

84. Defendants' policies and procedures, including policies of refusing to expend funds to design, create, or maintain an accessible commercial facility or space, are a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

85. In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have aided and continue to aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

86. Defendants' conduct also violates the NYCHRL, Administrative Code § 8-107(17), which states that "an unlawful discriminatory practice . . . is established . . .

[when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

87. Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on people with disabilities (including Plaintiff).

88. Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

89. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to, humiliation, stress, and embarrassment.

90. Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

91. Defendants engaged in discrimination with willful or wanton negligence, recklessness, conscious disregard for the rights of others, or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

92. By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

93. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

94. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

95. Defendants discriminated against Plaintiff in violation of the New York State Civil Rights Law.

96. Consequently, Defendants denied Plaintiff the full and equal accommodations, advantages, facilities, and privileges of a place of public accommodation because of disability, in violation of N.Y. Civ. Rights Law § 40.

97. Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each violation. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

**INJUNCTIVE RELIEF**

98. Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

99. Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

100. Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B. Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, NYSHRL and NYCHRL, including, but not limited to, the violations set forth above;

C. Issue a permanent injunction ordering Defendants to modify their policies, practices, procedures, and conduct in compliance with the ADA, NYSHRL and NYCHRL so that Plaintiff is not excluded from and can have the full and equal

enjoyment of the services, facilities, privileges, advantages, and accommodations offered by the Defendants;

D. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts, and omissions no longer exist and will not recur;

E. Award Plaintiff compensatory damages and nominal damages because of Defendants' violations of the NYSHRL and the NYCHRL;

F. Award Plaintiff punitive damages to punish and deter the Defendants for their violations of the NYCHRL;

G. Award Plaintiff the monetary penalties for each violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

H. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL and the ADA; and

I. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: October 30, 2026
New York, New York

Respectfully submitted,

**THE PARKER LAW GROUP P.C.**

By:______________________

Glen H. Parker, Esq.
Attorneys for Plaintiff
28 Valley Road, Suite 1
Montclair, New Jersey 07042
Telephone: (347) 292-9042
Email: ghp@parkerlawusa.com